UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-08739-AB-DMK | Date: | September 30, 2026 |
|---|---|---|---|

Title: *Alejandro Rios v. Stardust Motel et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

The Court has reviewed Defendants Stardust Motel, Ramesh Patel, and Vimal Patel's ("Defendants") Response ("Response," Dkt. No. 14) to the Court's Order to Show Cause ("OSC," Dkt. No. 13) why the action should not be remanded for lack of subject matter jurisdiction.

Defendants removed the action on two grounds. The OSC explained that neither ground was established. First, Plaintiff pled only state-law claims so under the well-pleaded complaint rule, these claims did not appear to trigger federal question jurisdiction. Second, Defendants' reliance on the federal civil rights removal statute, 28 U.S.C. § 1443(1), (2), was also unsupported.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes

conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

Defendants' Response does not meet their burden to establish subject matter jurisdiction. Plaintiff pleads only state law disability-related claims, such as claims under the Unruh Act and the Disabled Persons Act, which Defendants argue "incorporate" the federal American with Disabilities Act. But this does not turn Plaintiff's well-pleaded state law claims into federal claims, and Defendants cite no case so holding. Defendants cite only *Gunn v. Minton*, 568 U.S. 251, 260 (2013), which observed that there was "a 'special and small category' of [state-law] cases in which arising under [federal] jurisdiction still lies." But Defendants do not apply *Gunn*'s four element test for identifying such cases. Defendants have therefore not carried their burden.

Nor is Defendants' discussion of 28 U.S.C. § 1443(1) convincing. Defendants discuss competing judicial views regarding whether the statute reaches only facially discriminatory laws or also reaches facially neutral laws, and whether the statutes reaches only racial discrimination or other kinds of discrimination. But Defendants fail to explain how any of these competing views encompasses this action, in which Plaintiff claims that Defendants discriminated *against him* on the grounds of disability.

Defendants have therefore failed to satisfy their burden of establishing federal jurisdiction over this action. The Court therefore **REMANDS** this action back to state court for lack of subject matter jurisdiction.

**SO ORDERED.**